Filed 4/27/26  P. v. Nguyen CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>NINH KIM NGUYEN,<br><br>      Defendant and Appellant. | B351038<br><br>(Los Angeles County<br>Super. Ct. No. XNEA564897) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Villalobos, Judge.  Affirmed.

Jennifer Peabody and Larry Pizarro, under appointments by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Ninh K. Nguyen appeals from an order denying his Penal Code section 1172.6 petition for resentencing.[1] His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Nguyen filed a supplemental brief arguing the trial court erred in denying his petition. We consider Nguyen's contentions and affirm the trial court order.

**FACTUAL AND PROCEDURAL BACKGROUND**

In June 2010, the People charged Nguyen by amended information with the murder and grand theft of Bui Khuyen in 1983. At trial, the jury was instructed on the general principles of homicide, self-defense, murder with malice aforethought, the degrees of murder, provocation, heat of passion voluntary manslaughter, and imperfect self-defense voluntary manslaughter. The instruction on the degrees of murder informed the jury: "The defendant is guilty of first degree murder if the People have proved that he acted willfully, deliberately, and with premeditation. The defendant acted willfully if he intended to kill. The defendant acted deliberately if he carefully weighed the considerations for and against his choice and, knowing the consequences, decided to kill. The defendant acted with premeditation if he decided to kill before completing the acts that caused death."

The jury was not instructed on aiding and abetting liability, the natural and probable consequences doctrine, or felony murder.

In November 2010, the jury found Nguyen guilty of first degree murder (§ 187, subd. (a)) for the killing of Khuyen with malice aforethought. The jury found true that Nguyen personally

---

[1] All further undesignated statutory references are to the Penal Code.

used a knife in the commission of the crime. (§ 12022, subd. (b).) The jury also found Nguyen guilty of grand theft (§ 487), and found true that he personally used a knife in the commission of the offense. (§ 12022, subd. (b).) The trial court imposed an aggregate sentence of 33 years to life.

In April 2025, Nguyen filed a petition for writ of habeas corpus which, among other things, asserted he was entitled to relief pursuant to Senate Bill Nos. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) and 775 (2021–2022 Reg. Sess.) (Senate Bill No. 775). The trial court appointed counsel to represent Nguyen in the section 1172.6 proceedings. The People opposed the petition, arguing Nguyen was not entitled to relief "because he was prosecuted and convicted as the actual stabber and perpetrator of the first-degree murder of [Khuyen] and personally acted with express malice." The People attached to their opposition this court's opinion from the direct appeal, the jury verdicts, and the jury instructions.

Nguyen's counsel filed a prima facie brief and reply to the People's response. The reply discussed the relevant law and, without making any arguments based on the specific facts of the case, asserted the trial court should issue an order to show cause and set an evidentiary hearing.

In December 2025, counsel appeared before the court for the prima facie hearing. Nguyen was not present. The trial court indicated it had reviewed the parties' briefs and the court file and was prepared to rule. Both counsel submitted without argument. The court noted it had reviewed the opinion from the direct appeal and the preliminary hearing transcript "just to get an idea as to what was involved and not necessarily for the truth of any of the information contained in there." The court

3

concluded the record established that Nguyen was the sole perpetrator in the underlying matter. The instructions given were on first and second degree murder. There were neither aiding and abetting instructions nor an "alternative theory of liability." The court concluded Nguyen had not made a prima facie showing for relief under section 1172.6. It accordingly denied his petition.

Nguyen timely appealed. Nguyen's court-appointed appellate counsel filed an opening brief that raised no issues pursuant to *Delgadillo*, *supra*, 14 Cal.5th 216. We directed appellate counsel to send Nguyen the record and a copy of the opening brief. We additionally advised that within 30 days of the date of the notice, Nguyen could submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments he wished this court to consider. Nguyen timely submitted a supplemental brief.

## DISCUSSION

### I. Senate Bill No. 1437 and Section 1172.6

Senate Bill No. 1437 eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and limited the scope of the felony murder rule. (*People v. Strong* (2022) 13 Cal.5th 698, 707–708 (*Strong*); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)

The bill amended section 188, requiring that to be convicted of murder, "a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) The bill also amended section 189, subdivision (e). Under the amended law, a person may be convicted of felony murder only if he or she (1) was the actual killer; (2) was not the actual killer

4

but, with the intent to kill, aided and abetted the actual killer in committing first degree murder; or (3) "was a major participant in the underlying felony and acted with reckless indifference to human life." (*Ibid.*)

Senate Bill No. 1437 created "a procedural mechanism for those previously convicted of murder under a theory amended in [Senate Bill No. 1437] to petition for resentencing." (*People v. Emanuel* (2025) 17 Cal.5th 867, 880; *Lewis*, *supra*, 11 Cal.5th at p. 959.) "The process begins with the filing of a petition that declares, among other things, that '[t]he petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill No. 1437. (§ 1172.6, subd. (a)(3); see *id.*, subd. (b)(1)(A).)" (*Emanuel*, at p. 880.) Senate Bill No. 775 subsequently extended resentencing relief to any person convicted of murder based on any "other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ." (§ 1172.6, subd. (a).)

These amendments to the Penal Code did not invalidate murder convictions based on the theory that the defendant intended to kill. (Stats. 2018, ch. 1015, § 1, subd. (f); *Strong*, *supra*, 13 Cal.5th at p. 707; *People v. Mares* (2024) 99 Cal.App.5th 1158, 1166.)

Under section 1172.6, subdivision (c), once a petition is filed that complies with the statute's basic requirements, the prosecutor must respond and the petitioner may reply to that response. "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to

5

relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (*Ibid.*)

## II. The Record of Conviction Establishes Nguyen is Ineligible for Relief as a Matter of Law

The record of conviction in this case conclusively establishes that Nguyen was not convicted of murder on a theory that is now invalid. (*Lewis*, *supra*, 11 Cal.5th at pp. 971–972.) The jury was not instructed on aiding and abetting liability, the natural and probable consequences doctrine, felony murder, or any other theory under which the jury could have imputed malice to Nguyen based solely on his participation in a crime. The charging document, jury instructions, and jury verdicts demonstrate that Nguyen was convicted as the direct perpetrator who acted with malice aforethought and intent to kill. (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 893 [petitioner ineligible for relief where he alone attempted to commit murder].)

On appeal, Nguyen contends the trial court violated his constitutional right to be personally present at the prima facie hearing. We disagree.

" 'A defendant has the constitutional right to be personally present in court "where necessary to protect the defendant's opportunity for effective cross-examination, or to allow him to participate at a critical stage and enhance the fairness of the proceeding." ' [Citations.] The right is guaranteed by the Sixth and Fourteenth Amendments to the federal Constitution, as well as article 1, section 15 of the California Constitution. [Citation.] The state constitutional right to be present is generally coextensive with the federal due process right. [Citations.] [¶] Critical stages of a defendant's criminal prosecution include the

6

imposition of sentence, a sentence modification hearing, and resentencing." (*People v. Basler* (2022) 80 Cal.App.5th 46, 57 (*Basler*).)

In *Basler*, the court concluded the right to be personally present attached in section 1172.6 proceedings when the defendant's eligibility for relief required an evidentiary hearing. (*Basler*, *supra*, 80 Cal.App.5th at p. 58.)  Here, in contrast, the petition was at a noncritical stage.  The prima facie determination is a question of law based on the record of conviction.  (*Lewis, supra,* 11 Cal.5th at p. 971.)  Nguyen's presence was not necessary to protect his opportunity to present evidence, conduct effective cross-examination, or enhance the fairness of the proceeding.  (*People v. Perry* (2006) 38 Cal.4th 302, 312; *People v. Bratton* (2023) 95 Cal.App.5th 1100, 1128 [at prima facie stage the court may consider only the petition and the record of conviction].)  He had no constitutional right to be present.

Moreover, even if the prima facie determination is considered a critical stage of the proceedings, any alleged violation of Nguyen's right to be present was harmless beyond a reasonable doubt.  (*Basler*, *supra*, 80 Cal.App.5th at p. 59.)  The record of conviction was conclusive, and clearly established that Nguyen was not entitled to relief as a matter of law.  Nguyen's personal presence at or participation in the proceeding could not have changed the result.

Nguyen next contends that his appellate counsel did not give him 30 days to file a supplemental brief in this appeal.  We must reject this argument.  Counsel informed Nguyen of his right to submit a supplemental brief and this court informed Nguyen that he had 30 days to file such a brief.  Nguyen filed a

supplemental brief well before 30 days had passed.  We have considered that brief.

Nguyen refers to *People v. Nino* (2025) 111 Cal.App.5th 844, seemingly for the proposition that a defendant who was the actual killer may be eligible for relief under section 1172.6 if that defendant could have been convicted of second degree felony murder based on a now invalid theory of imputed malice.  (*Nino*, at p. 854.)  Here, however, the record conclusively establishes that Nguyen was not convicted on a felony murder theory.  Further, he was convicted by jury of first degree murder, not second degree murder.  The jury expressly found that he personally acted with malice aforethought.[2]  The *Nino* court's reasoning could not apply in this case.

The trial court properly denied Nguyen's section 1172.6 petition.

---

[2]     Nguyen also cites a case he identifies as "*People v. Nguyen* 109 Cal.App.5th 844."  The noted reporter citation is not affiliated with the case title *People v. Nguyen*.  We are unable to identify the case to which Nguyen refers.

## DISPOSITION

The trial court order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ADAMS, J.


We concur:


EGERTON, Acting P. J.


HANASONO, J.